# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KATHRYN MASCH,**
        **Plaintiff,**

    v.                                                           Case No. 05-C-625

**JO ANNE BARNHART,**
**Commissioner of the Social Security Administration,**
        **Defendant.**

---

## DECISION AND ORDER

Plaintiff Kathryn Masch brought this action under 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for social security disability benefits. I reversed and remanded the Administrative Law Judge's ("ALJ's") decision denying plaintiff's claim, Masch v. Barnhart, 406 F. Supp. 2d 1038 (E.D. Wis. 2005), and plaintiff now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## I. EAJA STANDARD

The EAJA provides that a litigant in a civil suit against the federal government is entitled to recover her attorney's fees if: 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there are no "special circumstances" that would make an award unjust; and 4) she filed a timely application for fees with the district court. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006) (citing 28 U.S.C. § 2412(d)(1)(A), (B)). Because I reversed and remanded the ALJ's decision under sentence four of § 405(g), plaintiff was the prevailing party in the present case. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993); Raines v. Shalala, 44 F.3d 1355, 1362 (7th Cir. 1995).

Plaintiff's application, filed within 30 days of the final judgment, is timely, see § 2412(d)(1)(B), and the Commissioner points to no special circumstances that would make a fee award unjust, see Wirth v. Barnhart, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004) (noting that it is the Commissioner's burden to demonstrate special circumstances). However, the Commissioner argues that the motion should be denied because her position was substantially justified.

The Commissioner bears the burden of showing that the government's position was substantially justified in order to avoid a fee award. Cummings v. Sullivan, 950 F.2d 492, 495 (7th Cir. 1991). This requires the Commissioner to show that her position had a reasonable basis both in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988); see also United States v. Hallmark Const. Co., 200 F.3d 1076, 1080 (7th Cir. 2000) (stating that the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced). The position must be "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. The position need not be "'justified to a high degree,'" id. at 565, but it must be "more than merely undeserving of sanctions for frivolousness," id. at 566. Although the court makes just one determination on the issue for the entire action, attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct (including the ALJ's decision) or her litigation position lacked substantial justification. Cunningham, 440 F.3d at 863-64. "Thus, fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even

2

though its litigating position may have been substantially justified and vice versa." Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994).

## II.  DISCUSSION

In the present case, plaintiff argued at the merits stage that the ALJ erred in (1) assessing the credibility of her testimony; (2) considering the effects of, and questioning the VE about, her obesity and ability to ambulate; (3) finding her depression not severe; and (4) evaluating the report of her treating nurse practitioner.  I agreed with her on the first, second and third issues, but disagreed on the fourth.  Keeping in mind that the test of reasonableness applicable under the EAJA is less demanding than that applicable to the merits, see Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994), I address each issue on which the case was remanded under the EAJA standard, see Seamon v. Barnhart, No. 05-C-0013, 2006 U.S. Dist. LEXIS 6945, at *13 (W.D. Wis. Feb. 23, 2006) (stating that "the substantial justification inquiry under the EAJA focuses on the issue or issues on which the case ultimately was remanded").

**A.  Credibility**

I reversed the ALJ's credibility determination because: (1) she relied substantially on the absence of objective medical findings supporting plaintiff's testimony, contrary to SSR 96-7p and Knight v. Chater, 55 F.3d 309, 314 (7th Cir. 1995); (2) she complained of the lack of objective verification of plaintiff's limited daily activities while ignoring corroborating evidence from plaintiff's daughters; and (3) she opined that plaintiff's limitations may not be due to her medical conditions, "as opposed to other reasons" (Tr. at 17), without explaining what those other reasons might be.  Masch, 406 F. Supp. 2d at 1047-48.

3

The Commissioner characterizes my ruling as one that the ALJ failed to sufficiently articulate her reasons for finding plaintiff not fully credible. The Seventh Circuit has held that an ALJ's failure to fully articulate her consideration of the evidence does not necessitate a fee award. Cunningham, 440 F.3d at 865 (citing Stein v. Sullivan, 966 F.2d 317, 319-20 7th Cir. 1992)).

However, the ALJ's errors in the present case extended beyond a mere failure to explain herself. In addition, she "violated SSR 96-7p [and] ignored important evidence." Masch, 406 F. Supp. 2d at 1048. It is not reasonable for an ALJ to violate SSR 96-7p. See, e.g., Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1008-09 (E.D. Wis. 2004) (collecting cases); Koschnitzke v. Barnhart, 293 F. Supp. 2d 943, 952 (E.D. Wis. 2003) (collecting cases); Henderson v. Barnhart, 257 F. Supp. 2d 1163, 1168 (E.D. Wis. 2002) (collecting cases); see also Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004) (awarding fees where ALJ violated SSR 96-7p and circuit precedent). Nor is it reasonable for an ALJ to ignore evidence that cuts against her conclusions, particularly when she relies on the absence of such evidence in ruling against the claimant. See, e.g., Golembiewski, 382 F.3d at 724-25 (awarding fees where ALJ ignored evidence); Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992) (awarding fees where ALJ ignored evidence in making credibility determination); Cuevas v. Barnhart, No. 02-C-4336, 2004 U.S. Dist. LEXIS 26157, at *2 (N.D. Ill. Dec. 29, 2004) (awarding fees where "the ALJ ignored key lines of evidence, misstated or omitted key facts in the record, and failed to follow the social security regulations and the law of this Circuit concerning credibility determinations and findings, and concerning pain and the effects thereof"); Martinez v. Barnhart, No. 02-C-2354, 2004 U.S. Dist. LEXIS 2781, at *3 (N.D. Ill. Feb. 20, 2004) (awarding fees where ALJ "ignored certain

4

evidence favorable to Plaintiff regarding her obesity"); Wates v. Barnhart, 288 F. Supp. 2d 947, 953 (E.D. Wis. 2003) (rejecting defense based on Stein and awarding fees where ALJ ignored testimony undercutting her credibility determination); Crosby v. Halter, 152 F. Supp. 2d 955, 960-61 (N.D. Ill. 2001) (finding that Commissioner's position was not substantially justified where, inter alia, ALJ ignored important evidence). Therefore, the government's position on this issue was not substantially justified.

**B.    Obesity**

I found that the ALJ erred in evaluating plaintiff's obesity because, although she found it a severe impairment that would affect her "tolerance for prolonged standing and walking" (Tr. at 16), she then assigned a "light" RFC, which requires "a good deal of walking and standing," SSR 83-10, without acknowledging the conflict. She further failed to question the VE regarding the effects of any limitations on standing/walking on plaintiff's ability to work. The error was clearly harmful because, if limited to sedentary work, plaintiff would be disabled under the Grid. Masch, 406 F. Supp. 2d at 1050-51.

The Commissioner argues that the ALJ considered the effects of plaintiff's obesity in setting RFC. She notes that the ALJ found that plaintiff's obesity did not result in significant abnormalities in plaintiff's musculoskeletal, cardiovascular, peripheral vascular or pulmonary functioning, and that given the lack of abnormal examination findings, it was reasonable for the ALJ to conclude that plaintiff could perform the standing and walking required of light work.

However, the Commissioner fails to explain how it was reasonable for the ALJ to state, in one portion of her decision, that plaintiff's obesity would affect her ability to stand and walk, yet later find plaintiff capable of standing and walking most of the day. The ALJ's

5

statements about plaintiff's musculoskeletal, cardiovascular, peripheral vascular and pulmonary systems would pertain to the Listings, not RFC. See id. at 1049. The ALJ made no accommodation for a restriction on standing and walking in the RFC.

The Commissioner further argues that the VE testified to a significant number of jobs plaintiff could perform with a sit-stand option. However, as noted in my decision, "these jobs are still at the light level, and the ALJ did not ask (and the VE did not testify) about the total amount of time the person would have to be on his or her feet during the course of the work day on these jobs." Id. at 1052.[1] Moreover, if plaintiff is limited to sedentary work and thus disabled under the Grid, it is irrelevant that the VE could theorize jobs plaintiff could do. Id. at 1051 (citing Fast v. Barnhart, 397 F.3d 468, 471 (7th Cir. 2005) (citing Swenson v. Sullivan, 876 F.2d 683, 688-89 (9th Cir. 1989)).

It was not reasonable for the ALJ to find plaintiff's obesity a severe impairment, which would limit her "tolerance for prolonged standing and walking" (Tr. at 16), then assign her an RFC that would require her to be on her feet most of the day, without even acknowledging the conflict. Such internally inconsistent decisions are not substantially justified. See, e.g., Wates, 288 F. Supp. 2d at 950 (awarding fees where ALJ claimed to give treating source opinions significant weight yet adopted an RFC inconsistent with them); Banks v. Barnhart, No. 01-C-382, 2003 U.S. Dist. LEXIS 14823, at *10-13 (N.D. Ill. Aug. 25, 2003) (awarding fees where the ALJ's RFC analysis was internally inconsistent). The magnitude of the error in the present case is compounded by the fact that, if the ALJ had

---

[1]This is the same post-hoc argument I rejected at the merits stage. See Seamon, 2006 U.S. Dist. LEXIS 6945, at *14-15 (rejecting defense of EAJA petition on same post-hoc grounds rejected in the merits litigation).

6

adopted the sedentary RFC suggested by her statement about the effect of plaintiff's obesity, she would have been required to find plaintiff disabled as a matter of law under the Grid. Therefore, the Commissioner's position on this issue was not substantially justified.

**C.     Depression**

Finally, I found that the ALJ erred at step two in finding that plaintiff's depression was not "severe" despite the SSA consultants' opinions to the contrary. Masch, 406 F. Supp. 2d at 1053-54. The Commissioner argued at the merits stage that, because the ALJ found other severe impairments and continued with the sequential evaluation process, the error was harmless; the ALJ limited plaintiff to "unskilled work" (Tr. at 18), compatible with the consultants' RFC of "simple, routine work" (Tr. at 190), and asked the VE about an individual who could perform "simple, routine, repetitive work" (Tr. at 313), which also matched the consultants' RFC (Tr. at 190). Given this evidence, I concluded that it was "tempting to say that the ALJ's decision was free of harmful error, despite her finding of no severe mental impairment." Id. at 1055.

However, I noted that the consultants also found that plaintiff was moderately limited in her ability to work in coordination with or proximity to others without being distracted by them, complete a normal workday without interruptions from psychological symptoms, interact appropriately with the general public, respond appropriately to supervisors, and respond appropriately to changes in a work setting, abilities that are essential to unskilled work. It was unclear whether the jobs identified by the VE involved significant contact with co-workers or the public, and whether plaintiff could handle such contacts. Further, the ALJ failed to properly evaluated plaintiff's testimony and her daughters' questionnaires, which touched upon plaintiff's ability to interact with others. Given this uncertainty, and because

7

the matter had to be remanded anyway, I also remanded for further proceedings on this issue. Id.

The Commissioner had a reasonable basis for her position on this issue. As discussed, there was evidence supporting the ALJ's mental RFC finding, and her error at step two was arguably harmless. This issue was a close call, and plaintiff perhaps would not have prevailed on it had there not been other, more serious errors. Therefore, the Commissioner has shown substantial justification on this issue.

**D.    Conclusion on Substantial Justification**

"Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." Jackson v. Chater, 94 F.3d 274, 279-80 (7th Cir. 1996). However, in the present case, the Commissioner failed to demonstrate that her position on two of the three issues on which the case was remanded was substantially justified. "Given the importance of these issues in the context of the entire case, 'the Commissioner's position lacked substantial justification as a whole.'" Lechner, 330 F. Supp. 2d at 1010 (quoting Koschnitzke, 293 F. Supp. 2d at 952); see also Wates, 288 F. Supp. 2d at 954 (awarding fees where Commissioner's position on two of three issues was unreasonable). Therefore, plaintiff is entitled to a fee award under the EAJA.

**E.    Amount of Request**

In her motion, plaintiff requests fees in the amount of $5130, plus $1065 for time spent on the EAJA reply brief. Counsel provides a billing statement detailing his time in this case and avers that the hours spent were reasonable and necessary to provide good representation. He further requests a cost of living increase in the maximum hourly rate

8

the matter had to be remanded anyway, I also remanded for further proceedings on this issue. Id.

The Commissioner had a reasonable basis for her position on this issue. As discussed, there was evidence supporting the ALJ's mental RFC finding, and her error at step two was arguably harmless. This issue was a close call, and plaintiff perhaps would not have prevailed on it had there not been other, more serious errors. Therefore, the Commissioner has shown substantial justification on this issue.

**D.    Conclusion on Substantial Justification**

"Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." Jackson v. Chater, 94 F.3d 274, 279-80 (7th Cir. 1996). However, in the present case, the Commissioner failed to demonstrate that her position on two of the three issues on which the case was remanded was substantially justified. "Given the importance of these issues in the context of the entire case, 'the Commissioner's position lacked substantial justification as a whole.'" Lechner, 330 F. Supp. 2d at 1010 (quoting Koschnitzke, 293 F. Supp. 2d at 952); see also Wates, 288 F. Supp. 2d at 954 (awarding fees where Commissioner's position on two of three issues was unreasonable). Therefore, plaintiff is entitled to a fee award under the EAJA.

**E.    Amount of Request**

In her motion, plaintiff requests fees in the amount of $5130, plus $1065 for time spent on the EAJA reply brief. Counsel provides a billing statement detailing his time in this case and avers that the hours spent were reasonable and necessary to provide good representation. He further requests a cost of living increase in the maximum hourly rate

based on the Bureau of Labor Statistics "all items" Consumer Price Index ("CPI-U"). Use of the CPI-U has been accepted in this district, see, e.g., Harris v. Barnhart, 259 F. Supp. 2d 775, 782 (E.D. Wis. 2003), and the Commissioner does not object to the proposed rates or the time spent. Therefore, I find the amount of the request reasonable. See Lechner, 330 F. Supp. 2d at 1011-12 (collecting cases approving similar requests).

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (Docket # 20) is **GRANTED**, and plaintiff's counsel, David Traver, is awarded fees in the amount of $6195.00.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge